IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARLINDA LESLIE, INDIVIDUALLY and as
Next Friend of BLAIR KING AND SETH KING,
and BRANDON LESLIE,

      Plaintiffs,

v.                                                                     CIV 16-1208 JCH/JHR

BNSF RAILWAY COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Lift Stay and Request for Scheduling Conference [Doc. 47], filed May 14, 2018. Having considered Defendant's Response [Doc. 48] and Plaintiff's Reply [Doc. 49], the Court denies the Motion for the reasons set forth below.

    **I)**        **BACKGROUND**

This case arises from a car-on-cow collision occurring on or about November 1, 2013. [*See* Doc. 1-1 (Complaint for Damages for Personal Injury)]. The cow, which belonged to non-party Huning Limited Partnership, entered into and was present in the right of way of New Mexico State Highway 6 where it was struck by the passenger vehicle driven by Plaintiff Arlinda Leslie. [*Id.*, pp. 2-3]. Mrs. Leslie suffered severe injuries to her head and face and significant injuries to other parts of her body, which were witnessed by her children, Blair and Seth King, and her husband, Plaintiff Brandon Leslie. [*Id.*, p. 3]. Thereafter, Plaintiffs filed a lawsuit in state court against "the Huning defendants." [*Id.*]. Pertinent here, the Huning defendants have claimed that they believe the cow entered the highway by jumping over a gate owned and maintained by Defendant BNSF

1

Railway Company. [*Id.*]. Plaintiffs accordingly filed a separate lawsuit against Defendant, which was removed to this Court on November 3, 2016. [*Id.*].

The case was promptly set for a Rule 16 Scheduling Conference by then-assigned Magistrate Judge William Lynch. [Doc. 6]. However, soon thereafter, the parties filed a Joint Motion to Stay All Proceedings on November 9, 2016. [Doc. 7]. In the Joint Motion, the parties asked the Court to stay this case pending resolution of Plaintiffs' lawsuit against the Huning defendants. [*Id.*, p. 2]. The Court, Chief Magistrate Judge Karen Molzen presiding at that time, entered the parties' proposed stipulated Order Staying All Proceedings and Deadlines [Doc. 8], pending resolution and adjudication of the state court proceedings. [*Id.*, p. 1]. A little over a year later, the parties filed a Joint Status Report indicating that the Plaintiffs were able to reach a settlement with the Huning defendants in the state court case. [*See* Doc. 18]. At that time, both parties requested that the stay be lifted, and that the Court set the matter for a scheduling conference. [*Id.*, pp. 1-2]. Consequently, this Court set a Rule 16 Initial Scheduling Conference for February 8, 2018. [*See* Doc. 19 (Initial Scheduling Order)]. After the conference, the Court entered a Scheduling Order and set a Settlement Conference between the parties in early August, 2018. [*See* Docs. 26, 27].

Roughly a month later, Defendant filed a Motion for Judgment on the Pleadings and Motion for Summary Judgment in March 2018. [*See* Docs. 28, 29]. And, a month after that, Plaintiffs filed their own cross-Motion for Partial Summary Judgment. [Doc. 37]. Three days later, the parties filed a Joint Unopposed Motion Vacating Order Setting Case Management Deadlines and Discovery Parameters (Doc. No. 26) and Staying all Discovery. [Doc. 38]. In this Motion, the parties represented that "[w]holly independent of the claims and defenses at issue in this litigation, the outcome of the cross-motions for summary judgment may be dispositive to the merits of the

continuation of this litigation." [*Id.*, p. 1]. The parties continued by stating that "[u]nrelated to the merits of the claims and defenses at issue in this case, a preliminary issue the Court must decide is whether or not the September 2017 Settlement Agreement released or discharged any liability of BNSF to Plaintiff in this matter. This is a preliminary and threshold matter." [*Id.*, p. 2]. Additionally, the parties stated that "[s]imultaneous with these proceedings, Plaintiffs continue to litigate certain other issues concerning the September 2017 Settlement Agreement in New Mexico State Court. The final outcome of that litigation, to which BNSF is not a party, may also impact the continuation of this litigation." [*Id.*]. As such, "the parties respectfully request[ed] this Court enter its Order Vacating the Court's Order Setting Case Management Deadlines and Discovery Parameters [Doc. No. 26] and staying all discovery in this matter until the resolution of the State Court proceedings and this Court's final ruling on the cross-motions for summary judgment [Doc. No. 29 and 37] concerning the September 28, 2017 Settlement Agreement." [*Id.*].

The parties submitted a stipulated Order Granting Joint Unopposed Motion Vacating Order Setting Case Management Deadlines and Discovery Parameters and Staying all Discovery, which this Court signed and entered on April 18, 2018. [Doc. 39 (hereafter "the Stipulated Order")]. The Stipulated Order was signed by counsel for Defendant and approved by counsel for Plaintiffs. [*Id.*, p. 2]. The Stipulated Order vacated the Court's Scheduling Order, all case management and other deadlines, stayed all discovery, and provided that "[t]his stay shall remain in place until such time as the State Court proceedings in Cause No. D-1113-CV-2017-00609 are fully resolved AND this Court enters its final order on the parties' cross-motions for summary judgment [Doc. Nos. 29 and 37]." [*Id.*, p. 1].

Approximately a month later, Plaintiffs had a change of heart and filed the instant Motion to Lift Stay and Request for Scheduling Conference. [Doc. 47]. In the Motion, Plaintiffs represent

3

that they "primarily agreed to the stay of proceedings after counsel for Defendants (sic) contacted Plaintiffs' counsel and indicated BNSF wanted to discuss settlement." [*Id.*, p. 1]. However, after Plaintiffs tendered a demand, Defendant refused to make a counteroffer. [*Id.*, p. 2]. While Plaintiffs acknowledge that part of the purpose of the stay was to permit the Court to rule on the parties' pending motions, which have not been decided, they nonetheless ask the Court to lift the stay and set a new Rule 16 conference to establish new case management deadlines. [*Id.*]. Defendant opposes the Motion. [Doc. 48]. Most basically, Defendant argues that "nothing in the April 17, 2018, joint motion makes reference to any pending settlement discussions or negotiations between the Parties." [*Id.*, p. 2]. And, "like the joint motion, nothing in the agreed-to Order either makes reference to or is conditioned upon any ongoing or future settlement negotiations between the parties." [*Id.*]. Defendant then argues that Plaintiffs are bound to their stipulation as a matter of contract, and that this Court cannot rewrite the contract between the parties absent fraud, mistake, improvidence, material change in circumstances or other equitable considerations. [*Id.*, p. 3]. Plaintiffs do not dispute any of these contentions in reply, but argue that "[t]he only benefit that plaintiffs stood to gain from agreeing to a stay was the opportunity to engage in good faith settlement discussion." [Doc. 49, p.1]. They then argue the merits of their partial motion for summary judgment. [*Id.*, pp. 1-2].

**II) DISCUSSION**

Defendant's position is that the Stipulated Order entered by the Court is nothing more than a contract between the parties that this Court is bound to enforce. [Doc. 48, p. 3]. There is support for Defendant's position that "[u]nder New Mexico law the general rule is that stipulations are ordinarily binding on the parties absent fraud, mistake, improvidence, material change in circumstances, or unless equitable considerations require otherwise…. Federal law is the same."

4

*In re Garcia*, 434 B.R. 638, 641-42 (D.N.M. 2010) (citations omitted). However, the Court is not convinced that it must enforce the parties' stipulation without regard to the interests of justice. While it is true that "[s]tipulations 'cannot be disregarded or set aside at will[,]'" *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1075 (10th Cir. 2008) (quoting *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991)), they "are not absolute and will be set aside to prevent manifest injustice." *Id.* (citing *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980)). For this reason, "[t]he district court has broad discretion to determine whether a party should be held to a stipulation or whether justice requires the stipulation be set aside." *Id.*

The question is under what Rule, if any, the Court entered the Stipulated Order. For example, if it was entered pursuant to Rule 16(b)(4), which permits a case management schedule to be modified "only for good cause and with the judge's consent," then it would appear that only good cause (and the undersigned's consent) is required to modify it. *See* Fed. R. Civ. P. 16(b)(4). On the other hand, the Stipulated Order may properly be thought of as a protective order under Rule 26(c). *See* Fed. R. Civ. P. 26(c)(1)(A) (permitting the Court to forbid discovery.); *Clark v. Dashner*, CIV 14-0956 KG/KK, 2016 WL 3900640, at *1 (D.N.M. Jan. 27, 2016) ("The Court may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."). If so, "[t]he modification of a protective order, like its original entry, is left to the sound discretion of the district court." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)). Likewise, the Stipulated Order might be thought of arising under this Court's "broad discretion to stay

proceedings incident to its power to manage its docket." *Clark*, 2016 WL 3900640, at *1 (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010)). In such a circumstance, the Court's decision to enter, or in this case, leave a stay in place, will be reviewed for abuse of discretion. *See Clinton*, 520 U.S. at 707.

**III) ANALYSIS**

Having carefully considered the parties' positions, the Court will not lift the stay implemented by the Stipulated Order in this case. Regardless of what authority permitted the Court to enter the stay in the first place, one thing is clear: there was no mention of settlement discussions in the Joint Unopposed Motion or Stipulated Order. [*See* Docs. 38, 39]. Rather, the language of both the Joint Unopposed Motion and Stipulated Order indicated that the case should be stayed due to the pending dispositive motions and the ongoing state court litigation between Plaintiffs and the Huning defendants. Neither of these events having occurred, the Court finds that Plaintiffs have failed to demonstrate good cause to lift the stay, and that it would be an abuse of discretion for the Court to lift the stay that the parties jointly sought.

**IV) CONCLUSION**

Wherefore, Plaintiffs' Motion to Lift Stay and Request for Scheduling Conference [Doc. 47], is hereby DENIED.

_____
JERRY H. RITTER,
U.S. MAGISTRATE JUDGE